# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 19-CV-6243 (MKB) (RER)

---

JOSE TAVERAS,

Plaintiff,

vs

PSD FREEPORT INC. d/b/a ATLANTIC AVENUE DELI; PHILIP SONG;
LOUIS R. DELEO and JOSEPH R. DELEO,

Defendants.

---

**MEMORANDUM & ORDER**

April 14, 2021

---

**RAMON E. REYES, JR., U.S.M.J.:**

    Plaintiff Jose Taveras ("Taveras" or "Plaintiff") brings this action against Defendants, Louis DeLeo and Joseph DeLeo ("the DeLeo Defendants"), and Atlantic Avenue Deli and Philip Song ("the AAD Defendants") (collectively "Defendants), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and the New York Labor Law ("NYLL"), N.Y. LAB. L. § 190, *et seq*. (Dkt. No. 1 ("Compl.")). Plaintiff has moved: (1) to amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to allege a collective action under the FLSA and class action under the NYLL; and (2) to conditionally certify a collective action and

1

distribute notice to the putative collective pursuant to the FLSA, 29 U.S.C. §216(b). (Dkt. No.38-1 ("Pl.'s Mem.") at 1). Defendants oppose the motions.[1] (Dkt. No. 39 ("Defs.' Opp'n Mem")). For the reasons set forth below, Plaintiff's motion to amend is granted and the motion for conditional certification is granted in part; authorizing notice only to non-exempt employees employed for a period dating back three years from the filing of the motion for conditional certification. The proposed notice should be amended as described *infra*.

## BACKGROUND

Atlantic Avenue Deli ("the deli") is a delicatessen in Freeport, New York. (Compl. ¶¶ 9-10; Defs.' Opp'n Mem. at 1). From at least 2000 until June 2018, the deli was owned and operated by the DeLeo Defendants (Dkt. No. 38-1 ("Pl.'s Mem.") at 2). In or around June 2018, the DeLeo Defendants sold the deli to Defendant Philip Song ("Song") (Compl. ¶ 33; Pl's Mem. at 2; Defs.' Opp'n Mem. at 1). Concurrent with their respective ownership interest in the deli, the DeLeo Defendants and Song each had the authority to: "(1) hire and fire employees; (2) [] supervise and control employee work schedules and the work environment; (3) [] determine the rates and methods of payment of employees; and (4) [] maintain employment records for Defendants." (Pl's. Mem. at 2; Compl. ¶¶ 12, 14, 16).

In 2000, the DeLeo Defendants hired Plaintiff to work in the deli kitchen. (Compl. ¶ 23; Pl's Mem. at 2; Defs.' Opp'n Mem. at 1). In this role, Plaintiff was responsible for various tasks, including preparing customer orders and cleaning. (Compl. ¶ 23; Pl's Mem. at 2; Defs.' Opp'n

---

[1] The DeLeo Defendants filed a Memorandum in Opposition to Plaintiff's motion. (Dkt. No. 39). Counsel for the AAD Defendants filed a declaration stating that he "adopt[s] and incorporate[s] by reference on behalf of [the AAD Defendants] the arguments set forth in the DeLeo Defendants' opposition papers." (Dkt. No. 40 ¶ 2). Accordingly, the arguments set forth in the DeLeo opposition papers are considered the arguments of all Defendants.

Mem. at 1). Relevant to this motion, Plaintiff alleges that he was never paid overtime to which he was entitled. (Compl. ¶¶ 27-29).

Plaintiff commenced this action on November 13, 2019, alleging violations of the overtime and minimum wage provisions of the FLSA and NYLL; failure to pay spread-of-hours under the NYLL; and failure to provide a wage statement and notice under the NYLL. (Compl. at 8-13). On September 4, 2020, Plaintiff withdrew his minimum wage allegations. (Dkt. No. 28).

On September 17, 2020, the case was referred to mediation and discovery was stayed pending its completion. (Dkt. No. 29; Minute Entry Dated 9/18/2020). Mediation was unsuccessful. (Minute Entry Dated 11/23/2020). During discovery, Defendants produced weekly "time records" for employees from May 28, 2018 through January 13, 2019. (Pl.'s Mem. at 5; Defs.' Opp'n Mem. at 2; Dkt. No. 38-5 ("Time Records")). These timesheets contain employee names and the "[hours]" they worked, their hourly "rate," and the "[total]" they were paid. Plaintiff argues that these documents demonstrate that "Defendants failed to compensate *any* employee at the [statutorily] mandated [overtime] rate . . . "(Pl.'s Mem. at 5) (emphasis in original).[2] During the December 3, 2020 telephone conference, Plaintiff informed the Court that he intended to file a motion to certify a collective action based on this information. (Minute Entry Dated 12/3/2020; Pl.'s Mem. at 5). Plaintiff claims that he was "unaware of how [his] coworkers were paid" until the production of these documents. (Dkt. No. 38-2 ("Pl.'s Aff.") ¶ 13; Pl.'s Mem. at 8). Plaintiff

---

[2] The graphs have columns indicating an employee's "name[]," "rate," "[hours]," "[total]," and whether the employee was paid in cash or check. (Time Records). The number in the "[total]" column equals the "rate" multiplied by the "[hours]," and there is no indication that these employees were compensated at a higher rate for the hours worked in excess of 40. (*Id.*). During the week of June 11, 2018, for example, Matt has 24 in the "rate" column, and 54 in the "[hours"] column for a "[total]" of 1,296 (24 X 54 = $1,296). Similarly, the totals for David (12 X 45 = $552); Gabe (13 X 49 = $637); Mary Ann (12.5 X 40.5 = $506); and Nick (12.5 X 46 = $575) suggest that they were paid at the base rate for all hours, including those above 40. (*Id.* at 1).

3

subsequently filed this motion, seeking leave to amend his complaint "to allege collective action allegations pursuant to the [FLSA] and class action allegations premised upon Defendants' violations of the [NYLL]" and to "bring the allegations set forth in Plaintiff's original Complaint into conformity with factual developments learned [during discovery]."[3] (Pl.'s Mem. at 1). Defendants submitted oppositions and Plaintiff replied. (Dkt. Nos. 39-43). On March 12, 2021, the District Judge referred these motions to me.[4]

## DISCUSSION

### I.  Motion to Amend

Defendants oppose the proposed amendments as futile. (Defs.' Opp'n Mem. at 5-6). Rule 15(a) of the Federal Rules of Civil Procedure generally governs the amendment of pleadings. The Rule provides that leave to amend should be "freely" given "when justice so requires." Accordingly, "[l]eave to amend 'should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant or futility.'" *Artists Rights Enforcement Corp. v. King*, 2017 U.S. Dist. LEXIS 73865, at *6 (S.D.N.Y. May 15, 2017) (quoting *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)). An amendment is futile only "when it fails to state a

---

[3] Specifically, Plaintiff seeks to add information about the hours he worked and his pay frequency. (Proposed Am. Compl. at ¶¶ 26-27, 32-33, 38).

[4] Although Judge Brodie referred the Motion to Amend for a report and recommendation, motions to amend and for conditional certification are within the authority of a magistrate judge to decide. *See e.g.*, *Kilcullen v. N.Y. State DOT*, 55 F. App'x 583, 584 (2d Cir. 2003) (referring to a motion to amend as a non-dispositive matter that may be referred to a magistrate judge for a decision pursuant to 28 U.S.C. § 636(b)(1)(A)); *Johnson v. Doe*, 33 F. App'x 584 (2d Cir. 2002) (reviewing magistrate judge's order on a motion to amend without questioning authority); *Bai v. Zhuo*, 13-CV-5790 (ILG), 2014 U.S. Dist. LEXIS 153647, at *2 (E.D.N.Y. Oct. 29, 2014) ("It is well settled that a magistrate judge has authority to decide a motion for certification of a collective action.") (collecting cases); *Mungo v. First Preston Mgmt., Inc.*, 06-CV-3120 (ENV) (MDG), 2007 U.S. Dist. LEXIS 25790, at n. 1 (E.D.N.Y. Apr. 6, 2007) ("[C]ourts in the Second Circuit recognize that magistrate judges have authority pursuant to 28 U.S.C. § 636(b)(1)(A) to decide motions to amend . . .) (collecting cases).

4

claim upon which relief can be granted." *Seindenrose v. Mercy Med. Ctr.*, 05-CV-0306 (ADS) (ARL), 2006 U.S. Dist. LEXIS 111979, at *5 (E.D.N.Y. July 10, 2006) (quoting *Health-Chem Corp. v. Baker*, 915 F.2d 805, 510 (2d Cir. 1990)).

Defendants argue that the proposed collective allegations are futile because Plaintiff fails to "specifically identify any other [employee's] compensation rates/structures or reference their respective job duties" and therefore, does not properly allege that he is similarly situated to other employees. (Defs.' Opp'n Memo 11).[5] At this initial notification stage, the "relevant issue . . . 'is not whether Plaintiff[] and [potential opt-in plaintiffs] were identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week.'" *Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561, 565 (S.D.N.Y. 2012) (citations omitted). As discussed herein, Plaintiff has met his burden of a modest factual showing that he and other employees were similarly denied overtime to which they were entitled. Accordingly, these proposed amendments are not futile.

Plaintiff has also demonstrated good cause to amend the Complaint. "In deciding a motion to amend, the court must weigh the good cause shown for the delay against the prejudice imposed upon the non-moving party." *Seindenrose*, 2006 U.S. Dist. LEXIS 111979, at *7 (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983)). Here, the proposed changes

---

[5] Defendants refer to Plaintiff's "spread of hours," "wage notice," and "wage statement" claims as proposed causes of action and argue that they should be dismissed as futile under the motion to dismiss standard. (Defs.' Opp'n Mem. at 6-10). These claims are not new. (*Compare* Compl. ¶¶ 72-80 *with* Proposed Am. Compl. ¶¶ 78-86). They are renumbered in the Amended Complaint as the third through fifth cause of action, instead of the fifth through seventh in the original, because Plaintiff dropped his minimum wage claims. Accordingly, these causes of action are not "proposed amendments." Defendants fail to cite any law supporting their assertion that a differently numbered cause of action is a "proposed claim." Defendants mischaracterize a quote from *New York v. Crescent Group Realty*, 17-CV-6739 (JMA) (AYS), 2020 U.S. Dist. LEXIS 222743, at *4-*5 (E.D.N.Y. Nov. 30, 2020) ("leave to amend should be denied where a proposed amendment fails 'to state a claim to relief that is plausible on its face.'") (Defs.' Opp'n Mem. at 6). In *Crescent Group*, the court only evaluated new claims, not claims already asserted in the original complaint.

5

"derive[] wholly from the documents produced by Defendants" during discovery, namely, the time records indicating multiple employees were not paid overtime. (Pl.'s Mem. at 8); *see also Seindenrose*, 2006 U.S. Dist. LEXIS 111979, at *7 (allowing Plaintiff to amend his complaint to include collective allegations after learning during discovery that similarly situated employees may exist). Plaintiff's proposed collective action allegations are identical to the FLSA and NYLL claims he asserted on his own behalf in the original complaint. *See Presser v. Key Food Stores Co-op, Inc.*, 218 F.R.D. 53, 56 (E.D.N.Y. 2003) (finding no prejudice when the plaintiff did "not seek to add a new cause of action, but to add a class of plaintiffs on a claim already in the complaint."); *Bertrand v. Sava*, 535 F. Supp. 1022, 1023 (S.D.N.Y. 1982), *rev'd on other grounds by* 684 F.2d 204 (2d. Cir. 1982) (finding no prejudice when the plaintiff sought leave to file an amended complaint including class action claims because the class action would present the defendant with the same issues involved in the original lawsuit).

The only prejudice Defendants might suffer is having to engage in additional discovery related to other deli employees who may join the action. This is insufficient to deny a motion to amend. *See e.g., DiFilippo v. Barclays Capital., Inc.* No. 05 Civ. 4990 (CM) (JCF), 2006 U.S. Dist. LEXIS 41088, at *9 (S.D.N.Y. June 20, 2006) (quoting *United States v. Continental Illinois Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989)) ("the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."). Accordingly, Defendants will not be prejudiced by the proposed amended complaint. Accordingly, Plaintiff's motion to amend the complaint is granted.

## II. Motion for Conditional Certification

Plaintiff requests conditional certification of a collective as well as discovery of contact information of potential opt-in plaintiffs and to distribute notice to the putative collective. These requests are granted, subject to the modifications below.

### A. Legal Standard

Section 216(b) of the FLSA permits the court to consider an employee's claims on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). "Courts have discretion under this provision to direct a defendant employer to disclose the names and addresses of similarly situated potential plaintiffs and to authorize the sending of notice to those individuals, so that they may opt in to the collective action." *Mason v. Lumber Liquidators, Inc.*, 2019 U.S. Dist. LEXIS 80654, at *19 (E.D.N.Y. May 13, 2019) (citing *Myers v. Herts Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010)). The process of determining whether to certify a collective action and "authorize the sending of notice to potential plaintiffs of the pendency of a collective action" is a two-step process. *Mason*, 2019 U.S. Dist. LEXIS 80654, at *19.

"At the first stage, the court makes an initial determination of whether, based on the pleadings and affidavits, the plaintiffs have demonstrated that the potential opt-in plaintiffs are similarly situated to the named plaintiffs." *Id.* (citing *Amhaz v. Booking.com (USA), Inc.*, 17 Civ. 2120 (GBD)(HBP), 2018 U.S. Dist. LEXIS 144675, 2018 WL 4279468, at *4 (S.D.N.Y. Aug. 23, 2018)), *R & R adopted by* 2018 U.S. Dist. LEXIS 151175 (Sept. 5, 2018). If Plaintiff makes "a modest factual showing that [he] and others together were victims of a common policy or plan that violated the law," the court may authorize that notice be sent. *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F. 3d 528, 540 (2d Cir. 2015). Plaintiff's burden of proof at this stage remains "low"

7

because "the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. However, the modest factual showing cannot be satisfied by unsupported assertions. *Id*

### B. Plaintiff Is Similarly Situated To Non-Exempt Deli Workers

Here, Plaintiff alleges that he and all other deli employees were victims of Defendants' "widespread" practice to not "compensate any employee at the statutorily mandated rate of one and a half [] times their [] regular rate of pay for hours worked in excess of forty."[6] (Pl.'s Mem. at 5, 15; *see also* Pl.'s Aff. ¶¶ 9, 12-13). To support his claim, Plaintiff only offers the time records[7] from May 28, 2018 through January 13, 2019 that were produced by Defendants during discovery. These timesheets suggest that employees were compensated at the same base rate for all hours worked, including those in excess of 40.[8] (Time Records; *see also* Pl.'s Mem. at 5, 15; *supra* n. 5).

---

[6] Both federal and state law require an employee be paid at a rate not less than one-and-a-half times the regular rate for any time worked beyond the first 40 hours per week. U.S.C. § 207(a)(1); N.Y. COMP. CODES R. & REGS. tit. 12 § 142-2.2.

[7] Although Plaintiff submitted an affidavit, he claims that he "was unaware of how [his] coworkers were paid" and only became aware that his coworkers "did not receive overtime payments" after Defendants' produced the documents during discovery. (Pl.'s Aff. ¶ 13).

[8] "[C]ase law points to two broad methods by which a plaintiff may show he [] is 'similarly situated' to the group of employees to whom he [] seeks to send notice of a lawsuit." *Contrera v. Langer*, 278 F. Supp. 3d 702, 716 (S.D.N.Y. 2017). The first is the "top-down method of proof" which requires a plaintiff to provide "evidence from a central office or from management levels of an employer showing that the employer had a policy or practice of treating all employees in the class similarly with respect to the allegedly illegal labor law practice." *Id*. The second, or the "bottom-up" approach, requires a plaintiff "and sometimes other employees [to] provide affidavits conveying their own experience with the employer, or recount conversations with other employees, and then seek to draw an inference that an illegal policy or practice exists that covered a group of employees broader than the plaintiff . . ." *Id*. Here, Plaintiff's evidence focuses on the "top-down method." That is, he seeks to use the timesheets, a document from management, to prove Defendants had a "practice of treating all [deli employees] similarly with respect to the allegedly illegal labor law practice." *Id*.; *see also Barbato v. Knightsbridge Props*., 2015 U.S. Dist. LEXIS 137709, at *9 (E.D.N.Y. Oct. 8, 2015) (uniform policy of not paying overtime established where employer had stated "[a]ll employees are exempt [from overtime]").

The timesheets contain no indication of the employee's job title or whether they were a managerial employee.

Defendants argue that these records are insufficient to establish that Plaintiff and other deli employees are similarly situated because Plaintiff did not explain how his job duties and title were similar to that of his colleagues (Defs.' Opp'n Mem. at 14-16).[9] Those details are not necessary here. In the Second Circuit, "courts routinely find employees similarly situated 'despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice.'" *Ramos v. DNC Food Serv. Corp.*, 19-CV-2967 (VSB), 2020 U.S. Dist. LEXIS 96123, at *16 (S.D.N.Y. June 1, 2020) (collecting cases). Thus, the appropriate question is not whether Plaintiff's job title and duties were identical to that of his colleagues, but whether they were subject "to a common policy to deprive them of overtime pay when they worked more than 40 hours per week." *Salomon*, 847 F. Supp. 2d at 565 (employees with different job titles and duties were "similarly situated" because they were subjected to the same policy that deprived them of overtime pay).

Similarly, Defendants argue that the timesheets fail to establish that other employees were similarly situated to Plaintiff because at least one of the employees on the timesheets was a manager. (Defs.' Opp'n Mem. at 20-21). Under both the FLSA and the NYLL, some employees, such as managers, are exempt from the overtime pay requirements. 29 U.S.C. § 213(a)(1)

---

[9] Defendants' argument that Plaintiff failed to properly identify similarly situated employees because he did not provide the other employee's names, job titles, wages, or salaries is equally unpersuasive to prevent conditional certification. (Defs.' Opp'n Mem. at 14). *See Rojas v. Kalesmeno Corp.*, No. 17 Civ. 164 (JCF), 2017 U.S. Dist. LEXIS 112491, at *4 (S.D.N.Y. July 19, 2017) (finding last names not necessary for conditional certification: "the fact that the plaintiffs do not have complete information for their co-workers is precisely why they are requesting that the defendants produce this data."); *Moreira v. Sherwood Landscaping Inc.*, No. 13-CV-2640 (JS) (AKT), 2014 U.S. Dist. LEXIS 200678, at *23 (E.D.N.Y. Mar. 31, 2014) ("The fact that the Plaintiffs have not identified any potential opt in-in plaintiff by name . . . does not preclude conditional certification at this stage.")

(individuals "employed in a bona fide executive, administrative, or professional capacity" are exempt from overtime pay requirements); *Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, No. 08-CV-1686 (NGG) (RML), 2012 U.S. Dist. LEXIS 45675, at *8 (E.D.N.Y. Mar. 30, 2012) (citing 12 N.Y.C.R.R. § 142-2.2) ("The New York State Department of Labor takes the position that the overtime provision in [the NYLL] expressly incorporate the FLSA's exemptions."). However, whether specific employees listed on the timesheets were exempt from overtime pay is irrelevant at this conditional certification stage. *See e.g.*, *Lloyd v. J.P. Morgan Chase & Co.*, 2013 U.S. Dist. LEXIS 129102, at *13 (S.D.N.Y. Sept. 9, 2013) ("Defendants' argument that conditional certification should be denied because [certain employees] are correctly classified as exempt is not appropriately considered at this conditional stage of the certification inquiry . . . whether or not Plaintiffs are properly subject to an exemption form the FLSA's overtime provision is a merits issue; the law is clear that courts should not weigh the merits at this point in litigation.")

The timesheets suggest that at least eight other employees were not paid overtime, and the documents contain no indication that these employees were managers or otherwise exempt. (Pl.'s Reply Mem. at 4; Time Records). Therefore, Plaintiff has satisfied his burden of showing that he and his coworkers "together were victims of a common policy or plan that violated the law." *Glatt*, 811 F. 3d at 540; *Myers*, 624 F.3d at 555. Potential opt-in plaintiffs are similarly situated to Plaintiff if they, like Plaintiff, assert that they were denied overtime pay to which they were entitled. *See Ramos*, 2020 U.S. Dist. LEXIS 96123, at *16 (all non-managerial employees of a deli were 'similarly situated' because "front of the house employees such as cashiers, countermen, deliverymen, salad makers, grillmen, and porters; and back-of-the-house employees like bread makers, food prep cooks, and cooks; in other words, every conceivable type of employee of a

delicateseen—were subject to a blanket policy by Defendants of not paying overtime.") Accordingly, Plaintiff's motion to certify a collective action is granted only as to non-exempt employees.

### III. Proposed Notice

Under the FLSA, district courts may order that notice be given to potential members of a collective. *Edwards v. Greenveiw Props.*, No. 19-CV-4813 (LDH) (RER), 2020 U.S. Dist. LEXIS 222037, at *8 (E.D.N.Y. Nov. 27, 2020) (citing *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 3356-36 (2d Cir. 1978). Plaintiff submits a proposed notice and requests authorization to mail notices to "all persons employed by Defendants from November 13, 2013 to the present." (Pl.'s Mem. at 18). This proposed collective is too broad because it does not distinguish between exempt and non-exempt employees. While such a proposal does not render the motion defective,[10] the collective must be narrowed to deli employees who, like Plaintiff, were entitled to overtime pay. *Romero v. H.B. Auto. Group, Inc.*, No. 11 Civ. 386 (CM) 2012 U.S. Dist. LEXIS 61151, at *32 (S.D.N.Y. May 1, 2012) ("Where a collective action contains a mix of employees, some of whom are classified exempt from the FLSA's requirements, and some of whom are classified as non-exempt, there is no factual nexus between the collective action members' situations, and conditional certification is not appropriate.")[11]

---

[10] Defendants claim that the entire motion is "defective" because Plaintiff proposed a collective that may include exempt and non-exempt employees. (Defs.' Opp'n Mem. at 21). To support this assertion, Defendants mischaracterize the reasoning in *Reynoso v. Jack's Eggs and Other Ingredients LLC*, No. 20-CV-3010 (BMC), 2020 U.S. Dist. LEXIS 234039, at *5 (E.D.N.Y. Dec. 13, 2020). There, the court denied certification because Plaintiff failed to offer any evidence or state in his affidavit that other employees were subject to the same illegal labor practice. The court noted, as Defendants quoted, that the proposed collective may include exempt and non-exempt employees, but this was not the *basis* for the court's decision.

[11] Including "potentially exempt employees into the collective action would . . . 'inject into the case an additional legal question bearing on liability'" forcing the parties to first litigate "whether Plaintiff and the putative opt-ins were misclassified—i.e. Defendants' liability for overtime wages would need to be established—whereas the non-exempt

### A. Statute of Limitations and Equitable Tolling

"At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year state of limitations." *Finnigan v. Metro. Transp. Auth.*, No. 19-CV-00516 (PKC) (RER), 2020 U.S. Dist. LEXIS 52904, at *11 (E.D.N.Y. Mar. 26, 2020) (citing *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 73-74 (E.D.N.Y. 2016). Here, Plaintiff alleges that Defendants' conduct was willful, thus triggering the three-year statute of limitations period. (Compl. ¶¶ 41, 50, 65).[12]

While the limitations period for each putative plaintiff continues to run until they opt-in to the action, 29 U.S.C. § 256(b), some plaintiffs may be eligible for equitable tolling. *See Kemper v. Westbury Operating Corp.*, No. 12-CV-0895 (ADS) (ETB), 2012 U.S. Dist. LEXIS 149682, at *3 (E.D.N.Y. Oct. 17, 2012). It is therefore appropriate that, "[n]otices of collective action may be sent to prospective plaintiffs who worked for defendants from a date three years prior to the filing of the motion for collective action, rather than the date upon which notice is mailed." *Edwards*, 2020 U.S. Dist. LEXIS 222037, at *11 (quoting *Kemper*, 2012 U.S. Dist. LEXIS 149682 at *3)); *Finnigan*, 2020 U.S. Dist. LEXIS 52904, at *11-*12. Accordingly, the Court finds that notice shall

---

employees need only determine the amount of relief—if any—to which they are entitled." *Romero v. H.B. Auto. Group, Inc.*, No. 11 Civ. 386 (CM) 2012 U.S. Dist. LEXIS 61151, at *32 (S.D.N.Y. May 1, 2012) (quoting *Hunter v. Spring Corp.*, 346 F. Supp. 2d 113, 119 (D.D.C. 2004)). Accordingly, the collective shall include only non-exempt employees.

[12] Plaintiff claims a "six year notice period preceding from the date this action was commenced is appropriate and in the interest of judicial economy . . . even if some recipients of the notice will have claims that are time-barred under the FLSA." (Pl.'s Mem. at 16 citing *Rodriquez v. Almighty Cleaning, Inc*., 784 F. Supp. 2d 114, 132 (E.D.N.Y. 2001)). The only evidence Plaintiff provides to support his assertion that his coworkers were subject to labor law violations is the timesheets, which begin May 2018. Plaintiff fails to provide any evidence that Defendants engaged in labor violations prior to May 2018. Accordingly, a six-year notice period is not appropriate.

be sent to non-exempt deli employees who worked for Defendants at any point during the three years preceding the filing of the motion for conditional certification.

### C. Changes to the Proposed Notice

Defendants seek to add the contact information of their attorneys to the proposed notice, including the names, addresses, and telephone numbers for Defendants' respective counsel. (Defs.' Opp'n Mem. at 24). "Courts in this Circuit have generally concluded that [Defendants' counsel's contact information] is appropriate for inclusion in a notice of collective action." *Finnigan*, 2020 U.S. Dist. LEXIS 52904, at *11 (citing *Slamma v. API Rest. Corp.*, No. 12 Civ. 757 (RWS), 2013 U.S. Dist. LEXIS 93176, at *5 (S.D.N.Y. July 2, 2013)). Therefore, defense counsel's contact information should be added to the notice.

The Court also approves a sixty-day notice period for the putative plaintiffs to opt in. *Cohan v. Columbia Sussex Mgtm., LLC*, No 12-CV-3203 (JS) (AKT), 2013 U.S. Dist. LEXIS 187539, at *12 (E.D.N.Y. Mar. 15, 2016) ("[A] 60-day notice period for potential plaintiffs is common practice under the FLSA." Furthermore, following this Court's decision to limit the collective, the proposed notice should be modified so that it is addressed only to non-exempt deli employees.

### D. Discovery of Opt-In Plaintiffs' Personal Information

Plaintiff requests the names, addresses, telephone numbers, e-mail addresses, and dates of employment with the Defendant from potential opt-in plaintiffs. (Pl.'s Mem. at 16). "In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members." *Valerio v.*

*RNC. Indus. LLC*, 314 F.R.D. 61, 74-75 (E.D.N.Y. 2016). Thus, this Court directs Defendants to provide Plaintiff with the contact information requested.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is granted in part and denied in part. Plaintiff's motion to amend the complaint to include an FLSA collective action is granted. Plaintiff shall file the amended complaint by April 16, 2021. Plaintiff's motion for conditional certification of a collective of non-exempt employees employed by Defendants in the three-year period prior to the filing of the motion for conditional certification is granted. Within fourteen days hereof, Defendants are directed to provide Plaintiffs with a computer-readable list of the requested contact information of all non-exempt employees during the aforementioned period. The parties are directed to meet and confer on a revised discovery schedule to be submitted for review within fourteen days of entry of this Order.

SO ORDERED

*Ramon E. Reyes, Jr.*
_____
Ramon E. Reyes, Jr.
United States Magistrate Judge